TIMOTHY O. KOHL, Chief of Legal Coordination, Department ofTransportation
You call my attention to the fact that ch. 141, Laws of 1971, changed the rate of interest on money judgments from 5 percent to 7 percent. The act reads as follows:
"271.04 (4) INTEREST ON VERDICT. When the judgment is for the recovery of money, interest at the [legal]* rate of 7% per annum
from the time of verdict, decision or report until judgment is entered shall be computed by the clerk and added to the costs."
* [EDITORS' NOTE: THE TEXT CONTAINED WITHIN THE BRACKETS WAS STRICKEN THROUGH IN THE ORIGINAL TEXT.]
Section 138.04, Stats., defines the legal rate of interest as follows:
"The rate of interest upon the loan or forbearance of any money, goods or things in action shall be $5 upon the $100 for one year and according to that rate for a greater or less sum or for a longer or a shorter time; but parties may contract for the payment and receipt of a rate of interest not exceeding the rate allowed in s. 138.05, in which case such rate shall be clearly expressed in writing." *Page 115 
You point out, in addition, that sec. 32.05 (11) (b), Stats., which defines the interest rate on money judgments for jury increases in awards in property condemnation, remains unchanged and seems to conflict with 271.04 (4), Stats. Section 32.05 (11) (b), Stats., reads:
"(b) If the jury verdict as approved by the court exceeds the basic award, the appellant shall have judgment for the amount of such excess plus legal interest thereon to date of payment in full from that date which is 14 days after the date of taking, plus his statutory taxable costs and disbursements pursuant to s. 271.02 (2)."
The legislature, in changing sec. 271.04 (4), Stats., did not amend sec. 32.05 (11) (b), Stats. While the subject matter is similar, the statutes address two separate and distinguishable situations. Section 271.04 (4), Stats., establishes the rate of interest upon a verdict involving an unliquidated claim. That rate of interest is assessed on the entire verdict from the time of such verdict until judgment is entered. On the other hand, on liquidated claims, interest runs from the date of liability rather than from the date of verdict. The verdict in an eminent domain suit is upon an unliquidated claim since, while the award given originally is presumptively correct, the difference between that amount and the court award is, until verdict, undetermined. The judgment is for a sum certain minus the amount of the original award plus interest and statutory costs and disbursements. If sec. 271.04 (4), Stats., controlled, the property owner would receive 7 percent or the whole verdict from the date of that verdict until entry of judgment.
Section 32.05 (11) (b), Stats., however, provides for payment of interest, not in the verdict, but upon the difference between the award and the verdict. In addition, it chooses to treat the increase over the award separately from sec. 271.04 (4), Stats., as a liquidated claim by having such interest run from the date of the liability (minus 14 days) until payment. Therefore, ch. 141, Laws of 1971, did not change sec. 32.05 (11) (b), Stats.
RWW:WHW *Page 116